**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1169**

DAVID I. GLOVER; TIMOTHY B. PRIDEMORE,

Plaintiffs - Appellees,

v.

THE CITY OF NORFOLK, VIRGINIA,

Defendant - Appellant,

and

RICHARD J. HRYNIEWICH; WILLARD MARINE, INC.; SAFE BOATS INTERNATIONAL, LLC,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (2:17-cv-00109-HCM-LRL; 2:17-cv-00110-HCM-LRL)

Submitted: September 25, 2020                    Decided: November 18, 2020

Before WYNN, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

David H. Sump, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellant. L. Steven Emmert, SYKES, BOURDON, AHERN & LEVY, P.C., Virginia Beach, Virginia; Keith J. Leonard, Nicholas L. Woodhouse, HUFFMAN & HUFFMAN, BROTHERS-IN-LAW, PLLC, Newport News, Virginia, for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The City of Norfolk, Virginia ("the City") appeals the district court's orders denying its motions for judgment on the pleadings and for summary judgment in this maritime action. We affirm in part and dismiss in part.

The City first argues that it is entitled to sovereign immunity. "The existence of sovereign immunity is a question of law that we review de novo." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332 (4th Cir. 2008) (brackets omitted). In *Workman v. City of New York*, 179 U.S. 552, 570 (1900), the Supreme Court held that municipalities are not entitled to sovereign immunity under maritime law. Although the Court decided *Workman* more than a century ago, the Court has reaffirmed the principle in *Workman* "that only States and arms of the State possess immunity from suits authorized by federal law." *N. Ins. Co. of N.Y. v. Chatham Cnty.*, 547 U.S. 189, 193 (2006). This is so even if the local government "exercise[s] a slice of state power." *Id.* at 194 (internal quotation marks omitted). The City presents several arguments as to why *Workman* should be overruled or limited. However, we are bound by Supreme Court precedent and are compelled to reject these arguments. *See Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 230-31 (4th Cir. 2016).

The City also argues that it is entitled to immunity as an arm of the State. The Eleventh Amendment bars suits for damages in federal court against state agencies unless the State has consented or Congress has abrogated the State's immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). While such immunity normally does not

3

apply to municipalities, it does apply when the municipality acts as an arm of the State. *N. Ins. Co.*, 547 U.S. at 193-94.

To determine whether an entity qualifies as an arm of the State, we consider four, nonexclusive factors: (1) whether the State will pay any judgment against the defendant entity; (2) "whether the entity exercises a significant degree of autonomy from the [S]tate"; (3) whether the entity is involved with local versus statewide concerns; and (4) how the entity is treated as a matter of state law. *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457-58 (4th Cir. 1987). The first factor is the most important in this analysis. *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 3d 219, 223 (4th Cir. 2001). "[A] finding that the State treasury will not be affected by a judgment against the governmental entity weighs against finding that entity immune." *Id.* at 224. Under the remaining factors,

> a court must, in the end, determine whether the governmental entity is so connected to the State that the legal action against the entity would, despite the fact that the judgment will not be paid from the State treasury, amount to the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.

*Id.* (internal quotation marks omitted).

Here, the City has conceded that the State will not pay a judgment in this case and, thus, this weighs heavily against finding it an arm of the State. Moreover, although the City argues that the "animating purpose" of this factor is at play in this case, it cites no authority supporting the proposition that we can consider this factor in its favor. While it contends that Virginia funds its harbor security activities, we have rejected the notion that "indirect and ancillary effect[s]" on a State treasury are insufficient to establish the first

4

factor.  *See Cash*, 242 F.3d at 225.  Moreover, the City does not explain that it would use these State funds to pay for a judgment.  *See id.* at 225.  While the City promotes the State's interest in enforcing maritime security, we conclude that this does not outweigh the fact that the State will not a pay a judgment in this case.  Therefore, the district court did not err in concluding that the City is not entitled to sovereign immunity.

Finally, the City argues that the district court erred in concluding that Plaintiffs could proceed on their vicarious liability claims even though the court found that the individual officer was entitled to qualified immunity.  Before addressing this argument on the merits, we first must be assured that we have jurisdiction to consider it.  *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015).  We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949).  There is no dispute that the district court's order is not a final order.  An order qualifies for appellate review under the collateral order doctrine if it (1) conclusively determines a disputed question, (2) resolves an important issue separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009); *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Rev. Comm'n*, 742 F.3d 82, 86 (4th Cir. 2014).

We have jurisdiction to review a district court's order denying sovereign immunity under the collateral order doctrine.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993).  However, the City's claim that it is not vicariously liable in light of the individual officer's qualified immunity is not an assertion that it is

5

immune to suit; instead, the City is asserting a defense to liability. *Cf. Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995) (concluding that a municipality's claim that it is not liable under *Monell** is a defense to liability, not an immunity to suit, and thus not immediately appealable under the collateral order doctrine). Because the district court's ruling on vicarious liability can be reviewed on appeal after a final judgment just as a *Monell* claim can, the district court's ruling on this issue is not reviewable under the collateral order doctrine. We further conclude that we may not exercise pendent appellate jurisdiction in this case. *See Rux v. Republic of Sudan*, 461 F.3d 461, 475 (4th Cir. 2006).

Accordingly, we affirm the district court's orders in part and dismiss the remainder of this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*

---

* *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978) (holding that supervisory liability under 42 U.S.C. § 1983 may not be predicated only on the theory of respondeat superior).